THE STATE OF KANSAS *ex rel.* ADOLPHUS MEIER *v.* E. McCRILLUS, TREAS. LEAV. Co., *et al.*, Respondents.

*Application for Mandamus, Leavenworth County.*

A writ of mandamus will not be issued where there is a plain and adequate remedy in the ordinary course of law. [Comp. L., 226.]

Where relator held the bonds of Leavenworth county issued to the U. P. R. Co., and where a tax has been by the county levied and collected for paying the same, which respondents, officers of the county, refuse to do, *held*, that there was a plain and adequate remedy against the county, by suit at law, for the money. *Semble*, such suit would afford opportunity to test the validity of the bonds.

*Semble*, that an order of the board of commissioners to the treasurer not to pay, would be no defense to such suit against him, such order not being warranted in law.

The bonds are ascertained claims, payable on presentation to the treasurer, and their payment in no wise depends upon the order of the commissioners. They have no authority or power over them. Their power over them was exhausted when they levied the tax for their payment.

Alternative writ quashed.

This was an application to the Supreme Court for a writ of *mandamus* against the county treasurer and commissioners of Leavenworth county, commanding them to pay certain Leavenworth county bonds held by relator. The facts relied upon in the application are set forth in the alternative writ, as follows:

That on or about the first day of August, A. D. 1865, the board of county commissioners of the county of Leavenworth, in the State of Kansas, in pursuance of a vote of the qualified electors of said county, duly given, issued to the Union Pacific Railway Company, Eastern Division, a corporation organized and existing under the laws of the State of Kansas, and extending into said county of Leavenworth, bonds of said county of Leavenworth to the amount of two hundred and fifty thousand dollars, in payment of the subscription of the said county to the capital stock of said railway, subscribed for in pursuance of the vote of the said electors, to wit, for five thousand shares of the said capital stock ; that among the said bonds so issued were one hundred and ten bonds denominated series "A," and numbered from one to one hundred and ten, inclusive, in sums of $250, $500, and $1,000 each, and interest semi-annually, payable on the first days of March and September in each year, all of which bonds bear date on the first day of August, 1865, and payable at the Metropolitan National Bank, in the city of New York, on the first day of March, 1867, which bonds, when so issued, bore semi-annual interest at 7 per cent. per annum, for which coupons are attached, payable at the same place of the said bonds ; that the said Union Pacific Railway Company issued to the county of Leavenworth, and delivered to the said board of county commissioners, a certificate in usual form, for five

thousand shares of the capital stock of the said railway company, which said certificate of stock is still owned and held by the county of Leavenworth, and the said county of Leavenworth is the legal owner of the said five thousand shares of stock in the said railway company, for the payment of which the said bonds for $250,000 were issued by the said board of county commissioners; that the said bonds, on or about the date thereof, were delivered to the said railway company; that afterwards, and before the bonds became due, the following described bonds of said series "A" were for a good and valuable consideration sold and delivered to the said relator, Adolphus Meier, who is now, and for a long time has been the owner of the same, and of the said annual coupons thereto attached, maturing March 1st, 1867, to wit: Bond No. 22, for $500; No. 9, for $1,000, and bond No. 76, for $250; that there is justly due said relator on the said bonds, principal and interest, due March 1st, 1867, $1811.25, and the legal interest thereon since that date; that the board of commissioners of said county of Leavenworth, at the time of levying the annual taxes of said county for the year A. D. 1866, levied and assessed the amount of the said bonds and interest upon the taxable property of the said county of Leavenworth; that the said Erastus McCrillus, then and now treasurer of the said county, collected on the tax roll of the said county of Leavenworth the tax so levied and assessed as aforesaid, money sufficient to pay and satisfy said bonds, series "A," and the coupons thereto then attached; that said board of county commissioners have ordered said Erastus McCrillus, treasurer of said county of Leavenworth, not to pay the said bonds and coupons described as series "A;" that T. A. Hurd, as attorney for said

relator, Adolphus Meier, and on his behalf, presented said bonds and coupons described as series "A," at the office of the treasurer of Leavenworth county, Kansas, and then and there demanded payment of the same, of the said Erastus McCrillus, treasurer of Leavenworth county, which payment was by said McCrillus, as said treasurer, refused; that said T. A. Hurd, as attorney for said relator, and in his behalf, did thereafter, to wit, on the 7th day of October, A. D. 1867, demand payment of said bonds and coupons of the said board of commissioners of said county of Leavenworth, which board of county commissioners refused to make payment of said bonds, or any part thereof, or to order the same to be done; that by reason of said wrongful neglect and refusal of said Erastus McCrillus, treasurer of Leavenworth county, and said board of county commissioners of said county, to pay said bonds and coupons, and to order the same to be paid, the said bonds and coupons described as series "A" and numbered as aforesaid, remain due and unpaid, as we are informed by the affidavits of the said Adolphus Meier and T. A. Hurd.

*Hurd & Stillings*, for relator.

*Thomas P. Fenlon*, for respondents.

*Hurd & Stillings* made the following points:

1. The statute is mandatory in pointing out the duty of respondents. *L.* 1865, *p.* 41.

2. The board of commissioners had levied, and the treasurer had collected, the tax for redeeming the bonds in question. The duty of the commissioners was to

order, and of the treasurer to pay over, the money so raised on the bonds, and to appropriate it to no other purpose.

The amount was liquidated and certain. The acts required are purely ministerial. *Waldron* v. *Lee*, 5 *Pick.*, 323; *Comp. L.*, 429, § 109.

3. The county had received value in railroad stock for the bonds, and is a stockholder and a member of said company (*L.* 1855, *p.* 914), hence the county is estopped from denying the corporate existence of the company, and from denying the legality of the subscriptions. *Angel & Ames on Corp.*, §§ 635, 636; 21 *How.*, 539; 20 *id.*, 546; 2 *Black.*, 722; 24 *How.* (*U. S.*), 300; 1 *Wallace*, 654, 392, 275, 291; 24 *How.*, 287.

4. The remedy must be one that will enforce the moneys levied and collected to be paid over for the purposes for which they were raised. There can be no action against the county, nor can there be such a plain and adequate remedy, other than a writ of mandamus, as is contemplated by our statutes (*Comp. L.*, 225, §§ 580, 581); and were an action maintainable, it is not that plain and adequate remedy contemplated by the statute. The fact that an action will lie does not supersede the remedy by mandamus. *Elliottson* v. *Com'rs Putnam Co.*, 19 *Ohio*, 415; *People* v. *Supervisors Richmond Co.*, 20 *N. Y.*, 253; *Cass* v. *Wresler*, 4 *Ohio S.*, 561; *State of Ohio* v. *Lynch*, 8 *Ohio S.*, 347; *Waldron* v. *Lee*, 5 *Pick.*, 323; *Fremont* v. *Crippen*, 10 *California*, 211; *People* v. *Ranson*, 2 *Comstock*, 490; *Van Renselaer* v. *Sheriff*, 1 *Cowen*, 501; *Baker* v. *Johnson*, 41 *Maine*, 15; *State of Ohio* v. *Com's Clinton Co.*, 6 *Ohio S.*, 280; *Hall* v. *Supervisors*, 19 *Johnson*, 259; 18 *Johnson*, 242; 7 *Cowen*, 363; 3 *Michigan*, 475;

*People* v. *Supervisors of Columbia Co.*, 10 *Wend.*, 363; *People* v. *Mead*, 24 *N. Y.*, 121; *Moses on Mandamus*, 107, *and cases there cited; Ex parte Lynch*, 2 *Hill*, 45; *Strong, petitioner*, 20 *Pick.*, 497; *McCullough* v. *Mayor of Brooklyn*, 23 *Wend.*, 438; *Kimball* v. *Stokes*, 3 *Howard U. S.*, 87; *Moses on Mandamus*, 112; *Harrington* v. *Com's of Berkshire*, 22 *Pick.*, 263; *Knox County* v. *Aspinwall*, 24 *Howard U. S.*, 376; *City of Galena* v. *Amy*, 5 *Wallace*, 705; *Williams* v. *Treasurer of Shawnee county, Kans.*, *Sup. Court, January term*, 1868; *Von Hoppman* v. *City of Quincy*, 4 *Wallace*, 535; *Supervisors* v. *United States*, *id.*, 435; *McCool* v. *Smith*, 1 *Black.*, 471; *Mitchell* v. *Burlington*, 4 *Wallace*, 270.

5. The funds for the payment of these bonds have been collected by the treasurer for that specific purpose. This writ will lie to compel him to pay over the money. *People* v. *Edwards*, 19 *Barb.*, 472 (*Mo.* 99); *Baker* v. *Johnson*, 41 *Me.*, 15.

6. If he has squandered the funds, or appropriated them for any other purpose, he is still liable. *People* v. *Stout*, 23 *Barb.* (*Mo.*, 99); *Huff* v. *Knapp*, 1 *Selden*, 65; *People* v. *Edwards*, 15 *Barb.*, 529; 12 *id.*, 607, 217; *Adsit.* v. *Brady*, 4 *Hill*, 634.

7. The act to be done under the act of Feb. 10, 1865, is ministerial; the duty to be performed is entirely outside of the ordinary duties of the respondents, and duties enjoined by an act outside of the business of the county.

8. No actual subscription is necessary. If the stock is paid for, and the certificate delivered, it is sufficient. *Deansville Plank Road Co.* v. *Rice*, 7 *Barb.*, 157.

*Fenlon*, for respondents, submitted :

1. The alternative writ is defective ; it should state as fully as a declaration the facts upon which its allowance was based. The bonds held by relator were issued under act of Feb. 10th, 1865. (*L.* '65, *p.* 41.) The writ should have alleged all of the steps prescribed in the law as precedent to the issuance of the bonds, viz : That the proposition to issue was submitted to the vote, that proper notice was given, and that a majority of the qualified voters voted in favor of their issuance ; that the county commissioners subscribed for the stock of the railway company ; that the road is located to, into, through, from or near the county, and that the bonds were issued in payment of assessments made upon all the stock of the company. The writ fails in specifically alleging either of these acts.

2. The writ must be sufficient in itself to show precisely what is claimed, and the facts upon which the claim is made. (*Commercial Bank* v. *Canal Co.*, 10 *Wend.*, 25 ; 4 *O. S.*, 493 ; *Moses on Mand.*, 206.) The allegations (in this writ) are in the nature of a pleading, and the party must fail who commits the first error in matter of substance. (*People* v. *Baker*, 35 *Bar. R.*, 105 ; 10 *Wend.*, 26 ; *Moses*, 209.) But, supposing the allegations of the writ to be sufficient, the relator is not entitled to a peremptory writ, and the alternative writ should be quashed and these proceedings dismissed. Section 581, Code C. P., p. 226, Comp. L., provides that "this writ shall not be issued where there is a plain and adequate remedy in the ordinary course of the law." If the allegation of the writ be true, that the tax to pay the bonds was levied by the commissioners and collected by the treasurer, and is

now in the treasurer's hands, then the commissioners have done their whole duty under the law.   The treasurer's duty to pay the bonds is plain, and a "plain, adequate remedy," "in the ordinary course of the law," is an action on the treasurer's official bond.   In this proceeding the relator alleges that the treasurer, as such, refuses to pay him $1,811.25, and interest on the same, which is in his hands and due the relator. What "plainer and more adequate remedy, in the ordinary course of the law," could he have than to proceed on the bond?   If it be his legal duty to pay the money, his liability is none the less for the reason that the commissioners have ordered him not to do so, for that order is without legal force, and could neither protect him nor his securities.   The party asking for a mandamus must have a clear legal right, and no other appropriate remedy.   (2 *Cowan*, 444; 1 *Wend.*, 325; 7 *Penn. R.*, 396, 404; *Ex parte Lynch*, 2; *Hill Rep.*, 45.)   If the relator is not entitled to the writ as against the treasurer, from the allegations made, is he, upon averments, entitled to it as against the county commissioners?   What was and is their duty, supposing the bonds to have been issued according to law?   To levy the tax in 1866, to pay the bonds and interest, and to continue to do so, as the bonds mature, till all are paid.   *That* the alternative writ alleges that they did do; therefore, the writ itself shows that their duty so far has been done, in strict compliance with the statute. But it is said they ordered the treasurer not to pay. This was simply an unauthorized act.   The county commissioners have nothing to do with or control over the legal duties of the county treasurer.   These are ascertained and determined claims, liquidated and certain, not unsettled accounts for the board to allow, and

17

for which to issue county warrants upon the treasury; the bonds and coupons are the treasurer's warrants for payment and his vouchers in settlement with the county ; it is either his duty or not, to pay them, and the board of county commissioners, as such, have simply nothing to do in the premises.

But it is further prayed that the county commissioners be ordered, at the time of levying taxes for the year 1868, to order to be collected the money necessary to pay the interests arising from said bonds and coupons since the 1st day of March, 1867.

There is no allegation in the alternative writ that such tax has not been already levied, and no allegation of any demand for the payment of such interests.

So far as the county commissioners are concerned, we see no grounds upon which a peremptory writ can be asked or awarded.


*By the Court,* KINGMAN, C. J.


At the instance of counsel for relator, this court allowed an alternative writ of mandamus in this case, without argument, in order, inasmuch as grave and complicated questions were involved, that full argument might be heard on both sides.    The respondents appearing move to quash the alternative writ, because—

1. The writ is defective in matters of substance.

2. The relator has a plain and adequate remedy in the ordinary course of law.

3. There is no liability on the part of the respondents, or any of them, to the relator, as the bonds he owns are invalid and void.

The writ must be quashed.    While we think the writ is defective in some respects, we shall not stop to ex-

amine the form of it, but rest our decision on the second ground, which finally disposes of the case. The facts, as they appear in the writ, and so far as the statement of them is necessary to understand our views on this point, are briefly these:

The relator is the owner of certain bonds and coupons attached, amounting to the sum of $1,811.25, of the county of Leavenworth, which bonds became due and payable on the 1st day of March, 1867.

The county board of Leavenworth county, in 1866, assessed and levied a tax on the taxable property of Leavenworth county, to pay off these bonds and coupons, and others of the same class. The county treasurer collected said tax, so levied and assessed, sufficient to pay said bonds and coupons, and others of the same character. The relator presented his bonds, with coupons attached, to the county treasurer, and demanded payment thereof, which said treasurer refused to make.

He also presented them to the board of county commissioners and demanded payment, but was refused, and the said board also refused to order them to be paid. The county board, at an earlier period, made an order, directing the treasurer not to pay them, and they still remain unpaid. Under this state of facts, and for the purpose of this case, considering the liability of the county to the relator as undoubted and established, is the relator entitled to the writ?

The law is that this writ shall not be issued when there is a plain and adequate remedy in the ordinary course of law. *Comp. L.*, *p.* 226.

The facts show that the money is now in the hands of the treasurer; that it is due to the relator, and he refuses to pay it over. Is there not a plain and adequate remedy in the ordinary course of law? An ac-

tion against the treasurer on his bond is as plain a remedy as a suit upon a note against a delinquent debtor, and if, as was suggested by the counsel on both sides, the question of the validity of the bonds is to be raised, such an action is a more appropriate one to try that question than is afforded by this writ. It is, however, urged that the county commissioners have ordered the treasurer not to pay over the money. As a defense to an action against the treasurer, this would amount to nothing, as it would be no valid answer to the claim to say that the board had directed him not to do that which the law had enjoined upon him as a duty to do. This seems to us conclusive as to the treasurer. As to the county commissioners, the case is still more decisive. The law requires them to levy the tax in 1866 to pay the bonds and interest, and to continue to do so as the bonds mature, till all are paid. This they have done, as is shown by the writ. But they went further—they ordered the treasurer not to pay over the money. This order was beyond their authority, and as it would be no justification to the treasurer not to do it, remains as though it had never been made.

The county board had no more to do with that matter than anybody else. The order was as binding as though made by a merchant of Leavenworth upon his books. The bonds are ascertained claims, not in any wise depending on the action of the board for their validity. They have no power to audit or allow them, or to disallow them. This power over them was ended when they passed into other hands for a valid consideration. Their duty was ended when they levied a tax to pay them off. They are not to be paid on the warrant of the board, but upon presentation to the

treasurer, and they will, after payment, be vouchers for the disbursement of the money. It is either his duty to pay them, or not, without any reference to the action of the county board; so that this action in making the order was simply in law a nullity, and if we ordered them to rescind it, the same condition of things would exist.

· These are, briefly, the reasons why the writ ought to be quashed and the action ended.

All the justices concurring.