## THE STATE, *ex rel.* ELSBREE, v. H. C. BRIDGMAN.

1. MANDAMUS—*Will not lie where party has an adequate remedy at law.* Where the relator holds evidence of indebtedness of the county of Labette, and a fund has been provided and placed in the hands of the county treasurer to pay off said indebtedness, *held*, that there was a plain and adequate remedy by suit on the treasurer's bond, and that a writ of mandamus will not be allowed to compel the treasurer to pay the claims of relator.

2. —————— *Does not lie against a private person.* Mandamus does not lie to compel a bailee holding funds as a private individual to execute the terms of the bailment.

*Original Proceedings in Mandamus.*

N. P. ELSBREE, as relator, filed his motion in this court—notice of the hearing whereof was required to be given to respondent—for a writ of mandamus to compel *Bridgman*, as county treasurer of Labette county, to pay to relator certain moneys claimed by him.

*Ayres & Fox*, for relator, in support of the motion.

*Bettis & Kelso*, in opposition.

The opinion of the court was delivered by

KINGMAN, C. J.: This is a motion for a mandamus to compel H. C. Bridgman, county treasurer of Labette county, to forthwith pay several county warrants held and owned by the relator Nehemiah P. Elsbree. From the affidavits filed it appears that the county of Labette sold county bonds to provide a fund for the payment of certain debts of the county; that the warrants held by the relator are a part of that indebtedness so provided for; that the funds arising from the sale of the bonds have come into the possession of the treasurer, and that he still refuses to pay the warrants of the relator. Briefly, " the facts show that the money is now in the hands of the treasurer, that it is due to the relator, and the treasurer refuses to pay it." Under the decision in *The State ex rel. Meier v. McCrillus*, 4 Kas., 250, the relator has a plain and adequate remedy at law by a suit against the treasurer on his bond, and therefore is not entitled to the remedy by mandamus.

The counsel for the relator seeks to evade the force of this conclusion by an argument that may be concisely stated as follows: The bonds issued by the county are illegal, and therefore the money arising from their sale did not come into the custody of Bridgman as treasurer so as to make him liable therefor on his bond. If this argument were conceded to be correct, it would inevitably lead to the conclusion that Bridgman holds the money as a private individual, in the same way as any other bailee, and not in his official capacity. Mandamus is not a fit

or appropriate remedy to enforce an ordinary bailee to execute the terms of the bailment. The bailment in such a case does not arise from any office, trust, or station. No opinion is intended to be expressed as to the validity of the bonds, or the liability of the treasurer on his bond in the premises. Such questions, unless absolutely indispensable to a decision, are more appropriately decided when the parties interested in them are before the court. It is only necessary to decide now that if Bridgman holds the money *as treasurer* then the remedy of relator, according to the facts appearing in this case, by a writ on the bond of the treasurer, is plain and adequate. If Bridgman does not hold the money as treasurer then mandamus does not lie. The mandamus is refused.

All the Justices concurring.