THE STATE OF KANSAS, *on the relation of S. B. Bradford, Attorney General*, v. T. F. HANNON, *as Mayor of Kansas City, et al.*

1. CASE, *Followed.*   The metropolitan-police law held valid, following *The State, ex rel., v. Hunter*, ante, p. 578.

2. MANDAMUS, *Not to Collect Salaries of Police Officers.*   Mandamus will not lie to compel the mayor and council of a city subject to the operation of the metropolitan-police law to appropriate money and pay the salaries and claims of the officers and servants appointed and employed by the police commissioners of such city.   Such salaries and claims are mere debts against the city, the collection of which may be enforced in an ordinary action.

### Original Proceedings in Mandamus.

THIS is an original proceeding in mandamus, brought by the attorney general, in the name of the state, to compel the mayor and council of the city of Kansas City, Kansas, to appropriate the necessary amount and to pay the persons employed by the police commissioners of that city as policemen,

police officers, and servants of the police department, for their services rendered to the city in the police government thereof. An alternative writ was allowed, which sets forth that Kansas City, Kansas, is a city of the first class; that on or about the 6th day of April, 1887, the executive council of the state of Kansas appointed W. A. Simpson, R. W. Hilliker and G. W. Bishop, police commissioners of that city; that they immediately qualified and entered upon the discharge of their duties, and appointed a marshal and policemen for the purpose of administering the police affairs of the city; that on or about the 6th day of September, 1887, the police commissioners certified to the mayor and council the names of the persons appointed and employed, the salary and remuneration each was to receive for his services, and the amount due to each person for his services as policeman, police officer, or servant of the police department for the month of August, 1887; that said several sums aggregated $1,128; that on or about the 4th day of October, 1887, the said police commissioners made, executed and delivered to the mayor and council a statement showing the names of the persons employed, the compensation each was to receive, and the amount due and unpaid to each person for the month of September, 1887, and that the several sums aggregated $1,160; that on or about the 6th day of November, 1887, the police commissioners made and delivered to the mayor and council a like statement for the month of October, 1887, and the amount stated to be due for services was $1,180; that on or about December 6th, 1887, the police commissioners delivered another statement, duly certified to, showing the amount due for services in the police department for the month of November, 1887, to be $1,265.67.

It is then alleged that the mayor and council have neglected and refused, and still do, to pass an ordinance appropriating the amount necessary to pay the persons employed by the police commissioners for services rendered to the city in the police government thereof.

It is also stated that there was in the city treasury at the time of the meeting in September, 1887, and in the general

fund thereof, the sum of $4,287.67; that at the time of the meeting in October, 1887, there was in the city treasury the sum of $2,878.51; that at the time of the meeting in December, 1887, there was in the general fund of the city treasury the sum of $7,891.92; but that notwithstanding the fact that there was sufficient money in the treasury with which to pay the police officers, policemen, and servants of the police department, the mayor and council had refused, and still neglect and refuse, to make any appropriation for their payment.

It is also stated that the police force has been efficient, and by its effort and efficiency has placed in the city treasury the sum of $8,257.70; that of the persons arrested by the police force and convicted of offenses charged against them and confined in the city prison there has been collected in the form of work upon the streets of the city the sum of $1,895.60; that the revenue brought to the city by the efficiency of the police force is greater than the expenses necessary in maintaining the same.

The defendants demurred to the alternative writ of mandamus, upon the following grounds:

"1. The said writ does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against these defendants.

"2. The state of Kansas is not the real party in interest, and the attorney general has no power or authority to prosecute this action against the defendants.

"3. The statute under which said police commissioners and policemen mentioned in said alternative writ pretended to act as such is unconstitutional and void."

This demurrer was sustained, at the session of the court in February, 1888.

*S. B. Bradford*, attorney general, for The State.

*W. S. Carroll*, city attorney, and *Hutchings & Keplinger*, for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: Two principal questions are presented for decision by the defendants' demurrer: First, is the metropoli-

tan-police act, under which the police officers and servants of Kansas City, Kansas, were appointed, employed and acting, constitutional? And second, will the remedy of mandamus lie to compel the mayor and council to pay the salaries of the officers and servants of that city?

The first point has been determined adversely to the contention of the defendants, in the recent case of *The State, ex rel., v. Hunter,* ante, p. 578, same case, 17 Pac. Rep. 177, in which the constitutionality of the act was sustained; and it is needless to repeat here the reasons for that ruling.

The second point must be ruled in favor of the defendants. All that is sought by the proceedings is to enforce the payment of the salaries and claims of the officers and servants of the city. Their claims are not unlike those due from the city to any ordinary creditor; and hence there is no occasion to invoke the extraordinary aid of the courts by mandamus. Mandamus is one of the extraordinary writs, and is never issued where there is a plain and adequate remedy in the ordinary course of the law. An eminent author, in treating of this subject, says:

"In conformity with the general rule, it is held that mandamus will not lie to municipal authorities requiring them to pay salaries which are due from the corporation to its officers, a salary being regarded as an indebtedness of the corporation which may be enforced by action of assumpsit; and mandamus is not designed as a remedy for the collection of debts." (High Ex. Rem., § 341.)

The same doctrine was announced by this court in the case of *The State v. McCrillus,* 4 Kas. 250, and has been repeatedly declared since that that time. (*The State v. Bridgman,* 8 Kas. 458; *Byington v. Hamilton, Treas.,* 37 id. 758; same case, 16 Pac. Rep. 34.) The salaries of the officers and persons for whose benefit this proceeding is brought are mere debts against the city, and may be recovered in an ordinary action, like any other debt, and under the authorities cited mandamus cannot be maintained.

It is unnecessary to discuss and determine the other ques-

tions raised by counsel on the demurrer, as the consideration of the second point disposes of the case.

The demurrer will be sustained, and the proceeding dismissed.

All the Justices concurring.