THE BOARD OF EDUCATION OF THE CITY OF CALDWELL v. EZRA SPENCER, *County Treasurer of Sumner County,* et al.

ACCOUNTING—*Mandamus.* Where it appears from the alternative writ of *mandamus* that a long and complicated accounting must precede a final disposition of the case, the court will not attempt by *mandamus* to determine the rights of the parties.

*Original Proceeding in Mandamus.*

IT is alleged in the alternative writ that Ezra Spencer is the county treasurer of Sumner county; that the defendant William H. Carnes is the county clerk, and the other defendants are county commissioners of said county; that the county was organized by proclamation of the governor on February 7, 1871. The writ then states the names and terms of office of all the various persons who have held the several offices

named since the organization of the county. It then states that in 1872 school district No. 20 was duly organized, including within its limits the town (now city) of Caldwell; that Caldwell became a city of the second class on the 22d of March, 1887; that the board of education is the successor in interest of said school district, and is entitled to receive all moneys due it; that during each year, from 1875 to 1891, a large number of town lots were sold for delinquent taxes by the several county treasurers, and were bid in for the county; that included in the taxes for which said lots were sold were taxes levied by said school district, and afterward by said board of education, varying in amount from 1 cent to $122 per lot; that a large majority of said lots and tracts of land have either been redeemed, or the certificates of sale assigned to individuals, and that in this manner there has been paid into the county treasury more than $4,600 of the original taxes levied by said school district and said board of education for school purposes; that the county treasurer did not distribute the money received on such redemptions and assignments to the several funds to which they belonged, nor include the funds belonging to the plaintiff in his quarterly statements; that the county clerk failed to charge the county treasurer with the amount received from such redemptions and assignments, except in a few instances stated in the writ, but that the charges in fact made are not accurate or correct; "that the amounts above stated as charged by the county clerk to the county treasurer have been paid to said county treasurer, but, excepting said amounts, none of the moneys paid into the county treasury and received by the county treasurer prior to October 12, 1892, for the redemption and assignment of tax-sale certificates held by said county as and for school taxes due said school district No. 20 and said board of education, or the amount so paid and received as interest on said school tax while said county held said certificates, have ever been paid over by said county treasurer to said school district No. 20, or to said board of education, but each and all of said funds have been paid over by each county treasurer to his

successor in office, and are now in the hands of the defendant Ezra Spencer, as county treasurer of said county." The writ then alleges a failure on the part of the board of county commissioners to make settlement with the county treasurer of the accounts between such treasurer and the school district, and alleges that the moneys collected for such school taxes, together with interest, have been charged by the county clerk to said county treasurer upon the county current-expense fund, and in that manner more than $5,500 of taxes and interest belonging to the plaintiff have been charged to the said county fund. The writ commands the board of county commissioners to make settlement in all these matters with the county treasurer, and the county clerk to charge to the county treasurer on the proper account all these moneys and credit the county treasurer therewith upon the current-expense fund, and to draw orders upon the county treasurer in favor of the plaintiff for all moneys so charged, and the county treasurer to accurately determine the amount due the plaintiff on account of such taxes and pay them over to the plaintiff, or to show cause why the same should not be done. The defendant has moved to quash the writ. The opinion herein was filed January 6, 1894.

*A. A. Richards,* for plaintiff; *James Lawrence,* of counsel:

The defendants' counsel rely upon the cases of *The State, ex rel., v. McCrillus,* 4 Kas. 250; *The State, ex rel., v. Bridgman,* 8 id. 458; *Byington v. Hamilton,* 37 id. 758; and *The State, ex rel., v. Hannon,* 38 id. 593, as adjudications by this court that the plaintiff cannot compel the treasurer, by *mandamus,* to pay over the funds admitted by the pleadings to be in his hands, for the reason that plaintiff has a plain and adequate remedy at law by suit upon the treasurer's bond. We have no desire to evade the force and effect of these decisions; neither is it necessary for us to do so in order to obtain the relief sought in this action. There are two entirely distinct propositions of law, both equally well established, which defendants' counsel confuse, or lose sight of the second one.

These are: (1) *Mandamus* does not lie to compel the payment of debts. (2) *Mandamus* does lie to compel a public officer who has public funds in his hands as custodian to pay them over to the officer or municipality entitled to the possession of such public funds.

*Mandamus* is not the proper remedy for the collection of debts. Merrill, Man., §§ 17–19; High, Ex. Rem., p. 341. Each of the four Kansas cases cited by defendants falls strictly within this rule.

Our second proposition, that *mandamus* is the proper remedy to compel public officers to pay over to the proper local officers the amount of the public funds to which they are entitled, is supported by an unbroken line of authorities. Moses, Man., pp. 106–108, 112, 139; Merrill, Man., §§ 133, 134, and authorities there cited; High, Man., § 143; 14 Am. & Eng. Encyc. of Law, 173–175, and authorities there cited; *Hon v. The State*, 89 Ind. 250; *The State v. Dougherty*, 45 Mo. 294, 296; *The State v. White*, 45 N. W. Rep. 631, 632; *The State v. Roderick*, 23 Neb. 505; *The State v. Staley*, 38 Ohio St. 259, 264; *Humboldt Co. v. Churchill Co.*, 6 Nev. 30; *School Comm'rs v. Gantt*, 73 Md. 521; *Brandt v. Murphy*, 68 Miss. 84; *School District v. School District*, 3 Wis. 333; *People v. Austin*, 46 Cal. 520; *People v. Mahoney*, 30 Mich. 100; *Railroad Co. v. Beckett*, 75 Iowa, 183; *The State v. Staub*, 23 Atl. Rep. 924; *People v. Myers*, 50 Hun, 479; *People v. Reis*, 18 Pac. Rep. 309.

*C. J. Garver*, county attorney, for defendants; *Schwinn & Rogers*, of counsel:

In *The State, ex rel., v. Bridgman*, 8 Kas. 458, the case of *The State, ex rel., v. McCrillus*, 4 id. 250, is cited and approved, and in that case it is ruled that *mandamus* does not lie to compel a treasurer to pay county warrants. See, also, *Byington v. Hamilton*, 37 Kas. 758; *The State, ex rel., v. Hannon*, 38 id. 593; *The State, ex rel., v. Carney*, 3 id. 88; *The State, ex rel., v. Meiley*, 22 Ohio St., 534.

If we are correct in our contention that the plaintiff has a

37 — 52 KAS.

plain and adequate remedy in the ordinary course of the law against the treasurer for the recovery of the money in his hands belonging to it, it follows that the alternative writ must be quashed as to all the defendants; as, if the plaintiff can get its money by suit against the treasurer, it does not need to have any act performed by the board of commissioners or the county clerk.

The opinion of the court was delivered by

ALLEN, J.: The first ground of the motion to quash is, that the plaintiff has a plain and adequate remedy at law, and that the cases of *The State, ex rel., v. McCrillus*, 4 Kas. 250; *The State, ex rel., v. Bridgman*, 8 id. 458; *Byington v. Hamilton*, 37 id. 758; *The State, ex rel., v. Hannon*, 38 id. 593, are decisive of this case. Those cases all relate to the payment of claims of private persons out of public funds. This case is to be distinguished from those cases, because here it is sought only to transfer funds raised by taxation for a public purpose from one public depository to another — from the county treasury to the treasury of the board of education. It is doubtful whether the case of *The State, ex rel., v. McCrillus*, supra, is in accord with the weight of authority in other states. We are not inclined to extend the rule as there declared, and followed in subsequent cases, to a case like this, where public interests require the transfer of public moneys from one depository to another. It appears to us, however, that a more serious difficulty stands in the plaintiff's way in this form of action. The taxes sought to be recovered extend over a period of 17 years, and it is contended by the defendants that most of them appear from the writ to be barred by the statute of limitations. The averment that they have never been paid out, but are now in the hands of Spencer, as county treasurer, is perhaps sufficient to avoid the bar of the statute, but a summing up of this immense number of separate transactions, attended by a computation of interest on each, and a determination of the portion of each separate assignment or redemption due the plaintiff, especially where

the transactions extend back through the terms of office of many different officers, presents a case for the determination of which *mandamus* is not an appropriate remedy. It will be impossible to determine the rights of these parties without a long and complicated accounting. For that purpose, the writ of *mandamus* is inadequate. An ordinary action in the district court will afford a more suitable and complete remedy than this.

The plaintiff concedes its inability to state the sum to which it is entitled. It seeks by this remedy to compel the present incumbents of the offices of treasurer, clerk and county commissioner to make such computations and to determine the amount due it, and, in doing so, to go through and make up long accounts which their predecessors should have made. It is unnecessary for us to hold that this could not be done in any case, but we do hold that, in the exercise of a sound discretion, it should not be attempted in this.

The motion to quash is sustained.

All the Justices concurring.