JOHN W. MAHONEY *vs.* CITY OF BIDDEFORD.

York.        Opinion June 16, 1931.

*Leroy Haley*, for plaintiff.
*Thomas F. Locke*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.    On report. Assumpsit to recover $166.67 alleged to be due as salary of health officer for the months of June and July, 1930. The facts are not in dispute.

Plaintiff was duly elected and qualified as health officer of the defendant city for a term of three years beginning January 1, 1926,

at an annual salary of $1,000.00. The statute governing the selection of such officers provides that "Every town, city and organized plantation shall employ an official who shall be known as the local health officer and who shall be appointed by the officers of the municipality, subject to the approval of the State Commissioner of Health." The requirements of the statute were complied with and no question is raised as to plaintiff's legal right to the office and its emoluments for the term which he was chosen to fill. In fact, no question is raised in this case concerning his right to continue to act as health officer after the expiration of that term and receive pay therefor until a successor had been elected and qualified or unless he was removed by the city council because of a provision in defendant's charter which reads: "All of the subordinate officers and agents shall hold the offices during the ensuing year and until others are elected and qualified in their stead unless sooner removed by the city council." It is agreed that the health officer is a subordinate officer within the meaning of this provision, and the phrase "ensuing year" may properly be construed to mean the term for which the officer is elected.

Plaintiff has never been removed by the city council. In 1927, during the term for which plaintiff was originally elected, the city government passed a resolution notifying him that his services were no longer required and elected one Nadeau to fill out the unexpired term. Apparently this was no more than an attempt to procure plaintiff's resignation, and failing that, no further attention was given the matter.

After the expiration of his regular term, two attempts were made to choose his successor. On January 7, 1929, the city council elected Leniere Doyon health officer for the ensuing three years. Mr. Doyon did not qualify and never undertook to perform the duties of the office. Plaintiff therefore continued to act and was paid the regular salary during the next five months, and since that time has been at all times ready, willing and able to act as health officer but has been prevented by the defendant from so doing. On June 2, 1930, the city council elected Frederick Sullivan health officer for one year. On the following day, he took the oath of office, but the selection was not approved by the State Commissioner of Health. Lacking that approval, Mr. Sullivan has not qualified.

Until and unless such approval is secured, he has no authority to act.

In view of the provisions of the statute and city ordinance already quoted, plaintiff was, at the date of the writ, health officer of defendant city and, holding the legal title to that office, was entitled to the salary.

"The person who holds the legal title to an office is entitled to the legal right to the salary." *Andrews* v. *Portland*, 79 Me., 484.

> *Judgment for plaintiff for $166.67 with interest from date of writ.*