## Mason County v. Condon.

Nov. 8, 1939.

372

Donald L. Wood for appellant.

D. Bernard Coughlin for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Two cases are consolidated in this appeal. In the first one Mason County, the appellant, through its Fiscal Court, sought to have William A. Condon, the appellee, restrained from serving as superintendent of the Mason County Infirmary. In that suit Condon's demurrer to the petition was sustained. The petition set forth, among other things, that Condon was employed as superintendent of the County Infirmary in April, 1934, for a period of one year, and that he was reappointed to the position in 1935, 1936 and 1937; that in December, 1937, the Fiscal Court attempted to reappoint him for a term from April, 1938 to April, 1939; and that the court had made several attempts after April 1, 1938, to appoint a superintendent of the Infirmary, but that the four members were deadlocked. The trial judge pointed out in his judgment in the first suit that the attempt to reappoint Condon in December, 1937, was an "empty gesture" and therefore null and void. He set forth also that the circuit court was not vested with authority to break a deadlock in the Fiscal Court, and that the Fiscal Court has full power and control in the matter of selecting its agents and employees, of which the superintendent of the County Infirmary is one.

In the second suit Condon sought to recover for his services for June, 1938, at the rate at which he had formerly been paid. He set forth in his petition that the budget for the year 1937-38 provided $1,000 for the salary of the superintendent of the County Infirmary; that the budget for the year 1938-39 provided $1,000 for the same purpose; and that he had been performing the duties incidental to his employment as superintendent. The Fiscal Court's demurrers to the petition and supplemental petitions were overruled, and judgment for $916.67 was rendered in favor of Condon.

In urging reversal the following points are

stressed: (1) An appointment made by a retiring Fiscal Court to take effect after the termination of their period in office is void; (2) a majority of the Fiscal Court is necessary to an appointment of County Infirmary superintendent; and (3) one holding an office or position to which he is not entitled and knowing that his right to the office or position is denied is not entitled to compensation for his services.

We think the trial judge correctly ruled that the attempt to appoint Condon in December, 1937, to serve as superintendent from April, 1938, to April, 1939, was an "empty gesture" and therefore null and void. We think also that he correctly ruled that he had no authority to break the deadlock in the Fiscal Court. While the proposition has no bearing on the case before us, it seems that section 1850 of the Statutes, as amended in 1936, would authorize the county judge to appoint a superintendent of the Infirmary under conditions similar to those prevailing in Mason county. See Hill v. Taylor, 264 Ky. 708, 95 S. W. (2d) 566, and Muenninghoff v. Marret, 269 Ky. 826, 108 S. W. (2d) 878.

It is insisted that the case at bar presents a situation very much like that presented in the case of Farmer v. Marr, 238 Ky. 417, 38 S. W. (2d) 209, 213. In that case Marr and others had been designated by the county judge to discharge the duties of commissioners of the poor house, the Fiscal Court without objection making the necessary appropriations therefor. Two of the county commissioners sought to remove Marr and appoint Farmer as commissioner of the poor house. In that case it was said:

> "Even if he were regularly appointed by an order of the fiscal court, duly entered of record by it, the appellee Marr would hold the office or appointment during the pleasure of the court. Kentucky Statutes, Section 3925.

> "It therefore needs no argument to show that having been appointed by the county court, he discharges the duties of the position, subject to the pleasure of the fiscal court, and, with or without reason, it may dispense with his services at any time.

> "The fiscal court of Jefferson county has not assumed and exercised its jurisdiction of the sub-

ject-matter involved, and, until it does so, the position, or office or employment which appellant seeks to have himself declared entitled to, is, legally, not only vacant, but not in existence. The two commissioners, Bruner and Humbert, by the methods which they adopted, were, therefore, without legal right to elect the appellant, and he is without right to have the court declare his election."

Condon had been duly appointed to serve as superintendent of the Infirmary for several years. It is clear from the record that the Fiscal Court manifested an intention to continue the County Infirmary, and to provide for the position of superintendent thereof. Since Condon is seeking to collect for his services from June, 1938, we presume he was paid his regular salary for the months of April and May. It is obvious, therefore, that the circumstances in the case at bar are materially different from those in the Farmer case.

The case of Perry County v. McIntosh, 243 Ky. 489, 49 S. W. (2d) 329, is also stressed. McIntosh had been serving as livestock inspector for Perry County for a number of years. The position was declared vacant and McIntosh sought to collect for his services from that date until the time his successor qualified and entered upon his duties. It was pointed out in the opinion in that case that it did not appear satisfactorily that McIntosh had performed any of the duties of his office during the interim. It was held that the trial court erred in directing the jury to find for McIntosh instead of Perry County. It can be seen, therefore, that the McIntosh case presents circumstances materially different from those in the case before us.

We turn now to the question of whether Condon is entitled to compensation for his services from June, 1938. We think that the trial judge correctly ruled that he was entitled to such compensation. We have noted that the record shows that the Fiscal Court had shown clearly its intention to continue the County Infirmary as the means of providing maintenance for the poor, and had made provision in the budget for the position of superintendent of the Infirmary. The period for which Condon was employed as superintendent ended March 31, 1938, but he was apparently paid for acting as superintendent during the months of April and May of that year. It is our conclusion that the payment of

Condon for the months of April and May was equivalent to his re-employment as superintendent until his successor was named, or until he was discharged. Neither event has taken place. The county has accepted his services, and in view of the peculiar circumstances involved he is entitled to compensation therefor.

While the case of Krieger v. Standard Printing Co., 191 Ky. 552, 231 S. W. 27, 29, is not directly in point, the following language in that opinion is pertinent to the question before us:

> "* * * where the contract declared upon is unenforceable, a quantum meruit recovery may be had if a governmental agency has accepted the services or work, and had the power to make a valid contract therefor. Nicholasville Water Co. v. Council, etc., 36 S. W. 549, 38 S. W. 430, 18 Ky. Law Rep. 592; City of Providence v. Providence Electric Light Co., 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1015." (Quotation taken from S. W. Reporter.)

No question can be raised as to the right of the county to employ one to act as superintendent of a county infirmary, and, as we have pointed out, we think the payment of Condon for the months of April and May constituted his reemployment until a successor was selected, or until he was discharged.

Wherefore, for the reasons given herein, the judgment should be and it is affirmed.

Whole Court sitting except Judge Rees.