No. 40,110

Jim Shaw, *Plaintiff-Appellee*, v. Ralph Baker, *Defendant-Appellant*.

(298 P. 2d 250)

Opinion filed June 9, 1956.

*Oscar M. Yount,* of Galena, argued the cause and *Fayette Rowe,* of Columbus, was with him on the briefs for the appellant.

*Jules V. Doty,* of Columbus, argued the cause and *Joe L. Henbest,* of Columbus, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: This was an action in mandamus to compel defendant, the mayor of Galena, to sign the salary warrant of the city attorney. The trial court issued a peremptory writ. The defendant has appealed.

The action grows out of a dispute between the mayor of Galena and some members of the council.

The motion for a writ stated that plaintiff was the qualified and acting city attorney of Galena; that at all times G. S. 1949, 14-303, was in effect; that on July 1, 1955, all the warrants for the June salaries of city employees were duly signed by the mayor except for the salary of the city attorney in the amount of $75; that the council passed and approved the appropriation ordinance, including the city attorney's salary; that the city treasurer and the city clerk signed but the mayor refused to sign it; that plaintiff had no remedy at law and as a matter of right was entitled to his salary and would suffer irreparable damages if the trial court did not order the mayor to sign the warrant. Judgment was asked that a writ issue.

The trial court issued an alternative writ ordering defendant to sign the warrant or show cause why he had not done so.

Defendant answered with first a general denial; then a denial that plaintiff was the city attorney of Galena and a statement that he had not been city attorney since May 4, 1955, when a city attorney duly appointed by defendant took office; that Galena was a city of the second class under the council form of government, consisting of a mayor and a council of ten members; that defendant had been since May 4, 1955, mayor, elected in April, 1955, on the Republican ticket; that at the same election three Republican members were elected and one Democrat and five members of the council were holdovers and one member seeking membership was not lawfully elected. The answer then stated a dispute over certain

positions on the council, with which we are not presently interested; that plaintiff was never appointed city attorney by defendant; that plaintiff was not the real party in interest; that since defendant became mayor plaintiff and certain Democratic members of the council conspired together for the purpose of preventing any persons holding office in the city who were the choice of defendant as mayor in order that defendant might resign as mayor and the president of the council become acting mayor and plaintiff continue to draw his salary as city attorney; and at a special meeting called for the purpose of considering appointments five of the Democrat members failed to appear, so there was no quorum. The answer further alleged that the court had no jurisdiction to grant mandamus because the plaintiff had a plain and adequate remedy at law.

The defendant filed a motion for judgment on the pleadings on the ground that the court had no jurisdiction because the subject matter was not one where mandamus would lie; that the action was not properly instituted because the plaintiff sued the defendant as an individual; the pleadings showed the defendant was not indebted to the plaintiff; the pleadings showed wrongful conduct of plaintiff against defendant; because the plaintiff had an adequate remedy at law by civil action to collect any claim he might have against the city; and because the pleadings did not state a cause of action, either in mandamus or otherwise, in favor of plaintiff and against defendant. This motion was overruled.

The plaintiff made an oral motion to strike from defendant's answer all except the general denial, the admission that Galena was a city of the second class with a council form of government and the admission by defendant that he was the mayor and a second general denial. This motion was sustained.

Thereupon the trial court heard evidence and proceeded to issue a peremptory writ.

The mayor is a Republican. The majority of the councilmen are Democrats. When the mayor took office in May, 1955, plaintiff was city attorney by virtue of having been appointed by the outgoing mayor, a Democrat. (See G. S. 1949, 14-201.) It is the duty of the mayor to appoint, by and with the consent of the council, a city marshal, city clerk, city attorney and city assessor. These officers hold their offices for a year or until their successors are appointed and qualified. Acting pursuant to this statute, the mayor appointed another city attorney but the council refused to confirm.

The result was the old city attorney continued in office since his successor did not qualify.

G. S. 1949, 14-304, provides the mayor shall have power to sign or veto any ordinance passed by the city council and that any ordinance vetoed by the mayor may be passed over his veto by a vote of two thirds of the councilmen elected. In this action the appropriation ordinance for June carried an item for salary for Shaw for June in the amount of $75. This ordinance was duly passed by the council and signed by the mayor. Whether the mayor signed or vetoed this ordinance was discretionary with him. That act could not be controlled by mandamus. (See *State, ex rel., v. Hannon, Mayor,* 38 Kan. 593, 17 Pac. 185.)

G. S. 1949, 14-303, makes it the duty of the mayor to sign all orders and drafts drawn upon the treasurer for money and requires the clerk to attest them. This act enjoined upon the mayor is purely ministerial once the money is appropriated. Such is the case here. The act of signing plaintiff's salary warrant was ministerial. The trial court did not err in issuing the peremptory writ.

The judgment of the trial court is affirmed.

FATZER, J., not participating.