## Everett D. Comstock v. City of Grand Rapids.

*Salaries of public officers.*

A legally elected officer, duly qualified and standing ready to perform the duties of his office, is entitled to the salary, if it has not been paid, even though debarred from the performance of his duties by an intruder acting in good faith.

Case made from the Superior Court of Grand Rapids. Submitted January 29.    Decided January 31.

Assumpsit.    Defendant had judgment below.

*G. Chase Godwin* for plaintiff.    Salary is incident to the office and follows the title, *People v. Smyth*, 28 Cal., 21.    See *Auditors v. Benoit*, 20 Mich., 192; *People v. Miller*, 24 Mich., 459.

*Wm. Wisner Taylor* for defendant.    The right to the salary of a public office may be based on actual incumbency and discharge of duties (*Conner v. Mayor*, 1 Seld., 285; *Smith v. Mayor*, 37 N. Y., 518), *de jure* right, though excluded by an intruder (*Morton v. Tieman*, 30 Barb., 193), or lawful right and actual incumbency and discharge of official duties, *Riddle v. Bedford County*, 7 S. & R., 385.    The right of an officer *de jure* is not based on contract, *People v. Warner*, 7 Hill, 81; *Coffin v. State*, 7 Ind., 157; *Benford v. Gibson*, 15 Ala., 521.

Marston, J.    In April, 1878, Comstock was elected clerk of the Superior Court of Grand Rapids.    The county clerk of Kent county, claiming to be *ex officio* clerk of the Superior Court, protested against Comstock's being sworn in or recognized as clerk of the court, and the judge of that court refused to administer the oath to or approve of Comstock's official bond.    At the June term of this court a mandamus was granted requiring the judge of said Superior Court to administer to Comstock the constitutional oath of office and approve his official bond, which was done, and Comstock then entered upon the active discharge of the duties of his office.    From the time of his election up to the 1st of July, 1878, when the office was turned over to him, he was at all times ready to perform his official duties, but was prevented for the reasons stated.    The county clerk who had during this time *ex officio* performed the duties of clerk of the Superior Court, presented his claim for the salary per-

taining to said office during said time. Comstock also presented a claim for the salary during the same period. The common council refused to pay either, and this action is brought to recover the amount thereof.

Comstock was legally elected clerk of the Superior Court, and was, upon taking the official oath and filing the requisite bond, entitled to the office with all its emoluments. The county clerk, by virtue of his office as such, was no longer the clerk of the Superior Court, and although he may have acted in good faith, yet that would not entitle him to the salary pertaining to the office as against the person legally entitled to the office. Had the salary been paid to the *de facto* officer the present plaintiff might have sued and recovered the amount thereof from him, and surely he may recover the same directly in the present action. The salary belongs to the person who is rightfully and legally entitled to the office, and if he is ready and willing to perform the duties thereof he cannot be deprived of the salary by an intruder when it has not been already paid. *People v. Miller*, 24 Mich., 459.

The judgment must be reversed with costs and a judgment entered for the amount claimed ($222.22) with interest thereon from July 1st, 1878, in all $230.73.

The other Justices concurred.