## City of Philadelphia, Plff. in Err., *v.* John Rink.

One who, by a decree of court, is declared to be legally elected to an office, and, in accordance with such decree, is duly commissioned "to have and to hold the office hereby granted unto you for the term of five years, to be computed from the first Monday of April, 1880," is entitled to have his compensation commence on that day, although prevented from taking the office at that time.

(Decided January 25, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for plaintiff.    Affirmed.

*Charles F. Warwick* for plaintiff in error.

*Charles Henry Jones* for defendant in error.

PER CURIAM:

In the contest between Barr and the defendant in error, the court below decreed that at the election held on the third Tuesday of February, 1880, the latter received the highest number of votes, and was duly and legally elected a magistrate in and for said city of Philadelphia.    That decree was affirmed in this court.    Thereupon he was duly commissioned by the governor to be a magistrate of said city, and giving and granting unto him full right and title *inter alia,* "to receive and to enjoy all and singular the emoluments to a magistrate lawfully belonging or in any wise appertaining, by virtue of the Constitution and laws of this commonwealth.    To have and to hold this commission and the office hereby granted unto you for the term of five years, to be computed from the first Monday of April, 1880."

That decree established the right of the defendant in error to the office and all the emoluments thereof, from the time his term legally commenced.    It is no answer to say that he did not then take the oath or give the bond.    He was denied the privilege of doing either.    If he had gone through the form of then executing the papers, no effect could have been given to them prior to the decree in his favor.    He was not kept out of the office by reason

NOTE.—See also editorial note to State *ex rel.* Greeley County v. Milne, 19 L. R. A. 689, presenting the authorities as to the right of officer *de jure* to salary for period during which a *de facto* officer has acted and received pay.

of any such omission, but by reason of the fact that it had been declared that Barr had received a larger number of votes, and the latter was actually occupying the office. The court correctly entered judgment in favor of the defendant in error on the reserved points.

Judgment affirmed.