## CHANDLER v. HUGHES COUNTY.

Plaintiff was elected county assessor in 1892, and in April, 1893, took the prescribed oath; but the county board erroneously and without authority refused to approve his bond because he did not qualify, etc., on the first Monday in January preceding, or within ten days thereafter, declared the office vacant, and appointed one L., who qualified, and made the assessment in May and June following as provided by law. Plaintiff was an applicant for the appointment, and took no legal steps to compel the board to approve or act upon his bond, and did not present the bond to the judge of the circuit court for approval, as provided by Comp. Laws, Sec. 1376, in such cases. *Held,* that after L. received the compensation, plaintiff could not recover from the county a sum equal thereto, or any other sum. Fylpaa v. Brown Co. (S. D.), 62 N. W. 962, distinguished.

(Opinion filed June 24, 1896.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action to recover a sum claimed to be due plaintiff as county assessor. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*John A. Holmes,* for appellant.

"The maxim that every man is suppose to know the law means more than that he is supposed to know the letter of the law. It charges him with a knowledge of his legal rights, whether depending upon the constitution, the statutes, or the decisions of the courts." Evans v. Hughes County, 3 S. D. 244. If payment of the salary or other compensation was made by

the government, in good faith, to the officer *de facto,* while he is still in possession of the office, the government cannot be compelled to pay it a second time to the officer *de jure* when he has recovered the office, at least when the officer *de facto* held by color of title.   Auditors v. Benoit, 20 Mich. 176; Doland v. Mayor, 68 N. Y. 274; Commissioners v. Anderson, 20 Kan. 298; Smith v. Mayor, 37 N. Y. 518; Conner v. Mayor, 5 N. Y. 285; Parker v. Supervisors, 4 Minn. 59; McAffre v. Russell, 29 Miss. 84; Wheatley v. Covington, 11 Bush. (Ky.) 18; Shaw v. Pima County, 18 Pac. 273; Shelby v. Portland, 14 Ore. 243; Hannon v. Grizzard, 96 N. C. 293; Anderson v. Portland, 79 Me. 484. But when the title to the office is in controversy, and one of the claimants has entered under the color of title and performed the duties of the office, and drawn the salary for the time he so performed, the other claimant, upon establishing his claim to the office cannot recover from the public the amount so paid to the officer *de facto* for the services performed by him before the adjudication upon the title.   The remedy of the officer *de jure* is in an action against the officer *de facto* to recover the amount so received by him.   The fact that the officer *de facto* is insolvent, does not affect the question.   Mechem on Public Officers, § 871; Salina County v. Anderson, 20 Kan. 298; McVeany v. Mayor, 80 N. Y. 185; Mecham v. Hudson, 46 N. J. L. 276; Curry v. Wright, 86 Tenn. 636.   The respondent's only remedy for damage or compensation, under the circumstances of this case (if he has a cause of action at all) is against Charles S. Lee, and not against defendant Hughes county.   Nichols v. McLean, 101 N. Y. 526; Kessel v. Zeiser, 102 N. Y. 114; Rule v. Tait, 38 Kan. 765; Mayfield v. Moore. 53 Ill. 428; People v. Miller, 24 Mich. 458; Glasscock v. Lyons, 20 Ind. 1; Stoddard v. Williams, 65 Cal. 472; Hunter v. Chandler, 45 Mo. 452; Comstock v. Grand Rapids, 40 Mich. 397; U. S. v. Addison, 6 Wall. (U. S.) 291; Douglas v. State, 31 Ind. 429.   See, also, McCue v. Wapello Co., 56 Iowa 698, and cases cited.

   *Albert Gunderson,* for respondent.

"Where an officer, duly elected, is kept out of office by one to whom the returning board has given a certificate of election, he is not at fault for not qualifying before he has obtained judgment of ouster, he is therefore entitled to recover damages for the whole official term from the beginning until he obtains possession of the office." People v. Miller, 24 Mich. 458. The oath and bond filed was sufficient. Custer Co., v. Albien, 64 N. W. 532. See, also, McCue v. Wapello County, 56 Iowa 698; Fitzsimmons v. Brooklyn, 102 N. Y. 563. The law of this case has been settled in this state. Fylpaa v. Brown County, 6 S. D, 634, 62 N. W. 962.

FULLER, J. At the November, 1892, election, plaintiff was elected to the office of county assessor, and thereafter duly received from the proper authorities a certificate of election. On the 4th day of April, 1893, he took and subscribed to the usual oath of office, and presented the same, with his official bond to the board of county commissioners for its approval. Under a mistaken notion that plaintiff had, under Secs. 1380 and 1381 of the Compiled Laws, forfeited his right to the office by not qualifying and entering upon his official duties on the first Monday of January preceding or within 10 days thereafter, the board refused to approve the bond, and declared the office vacant, and appointed Charles S. Lee to fill the vacancy, who thereupon qualified and in due time entered upon and performed the duties of county assessor for the year 1893, and until ousted by a judgment of the circuit court entered on the 14th day of December of that year. Although plaintiff, on the 29th day of April, 1893, demanded of the county auditor the books, papers and other insignia of office, which was refused, no legal steps were ever taken to compel the board to approve or in any manner act upon his official bond, and the same was never presented to the judge of the circuit court for approval, as provided by Sec. 1376 of the Compiled Laws, when the board neglects or refuses from any cause to approve or act

with reference thereto. Under the law as it then existed, the assessment must be made during the months of May and June of each year, and the assessor must at the time or before receiving the assessment books and entering upon the discharge of his duties qualify by taking the prescribed oath of office and by filing with the county auditor an official bond in the penal sum of $500, "conditioned, that he will diligently, faithfully and impartially perform the duties enjoined on him by law." Laws, 1891, Chap. 14, § 31. Lee, under his appointment, evidenced by the usual certificate thereof, made the assessment in May and June of the year 1893, and received from the defendant county full compensation therefor; and plaintiff, who performed none of the duties of the office demanded from said county board an amount of money equal to the compensation received by Lee, and brings this action to recover the same. A trial to the court resulted in a judgment for plaintiff, and the defendant appeals.

Just when the action by respondent to obtain possession of the office was commenced is not definitely shown, and there is nothing to indicate that the board of county commissioners had any knowledge of the pendency of the action prior to the time when Lee completed the assessment and received compensation therefor. The judgment by which respondent was declared to be entitled to the office was not obtained until several months thereafter. As Lee's appointment was made and certificate issued by proper authority, he held the office under color of title, and performed the duties for which he received compensation, before appellant had in fact qualified, by filing with the county auditor an approved bond, as required by Sec. 31 of Chap. 14, *supra.* After the nugatory and unauthorized action of the board in declaring the office vacant and in the appointment of Lee, and before the time to enter upon the discharge of his duties as assessor, appellant had ample time to have his bond approved by the circuit judge, or to institute proceedings to compel said board to act with reference thereto. He not only slept

upon his rights, but apparently abandoned for the time being his claim as a duly elected officer by becoming an applicant with Lee for the appointment to fill the purported vacancy. A failure to qualify in the manner prescribed by the law of 1891 is deemed a refusal to serve, and under the circumstances the county auditor was fully justified in refusing to deliver to appellant the books and papers belonging to the office, and his subsequent demands therefor upon Lee are of no legal efficacy. The distinction between this case and that of Fylpaa v. Brown Co. (S. D.), 62 N. W. 962, relied upon by counsel for appellant, is too obvious to justify more than cursory attention. There the salary was paid by the defendant county to one whose certificate of election had been judicially annulled and for services rendered after the entry of a final judgment in favor of Fylpaa, of which the defendant had actual notice, and by which said officer was adjudged to be the duly elected and legally qualified treasurer of Brown county. He not only duly qualified and demanded the office, but instituted proceedings to restrain the defendant from paying any salary to the defeated candidate, who was wrongfully occupying and discharging the duties of the office after he had become an adjudged usurper, except so far as his acts affected the interests of the public. The rule is that payment by a municipality to an officer *de facto*, who has entered upon and performed the duties of an office under color of title pending litigation to establish the right of a *de jure* officer is a bar to a recovery from the public of the amount thus paid before the entry of judgment, and the only remedy available to the officer *de jure* is an action for damages against the officer *de facto*. Mechem. Pub. Off. 871; Commissioners v. Anderson, 20 Kan. 298. Payment by the public to one with color of title, actually in an office discharging its duties whose right thereto has not been by a competent judicial tribunal adversely determined, is full protection against any further liability. McVeany v. Mayor, etc., 80 N. Y. 185; Meehan v. Board, 46 N. J. Law, 276; Comstock v. City of Grand Rapids, 40 Mich. 397;

McCue v. County of Wapello, 56 Iowa 698, 10 N. W. 248. While every material feature of the present case is essentially different from Fylpaa v. Brown Co., *supra*, the clear and reasonable inference there suggested fully accords with the conclusions here reached. The judgment appealed from is reversed.