N. A. BALL, Chairman, R. D. REEDER, GEORGE MINER, A. I.
MILLER, and TILMAN ADAMS, as Members of the Council
of the City of Chipley, in Washington County, Florida,
*Plaintiffs in Error,* v. STATE OF FLORIDA, ex rel. W. W.
HARVEY, *Defendant in Error.*

146 So. 830.

Opinion filed January 31st, 1933.

*Cecil A. Rountree,* for Plaintiff in Error.

*James N. Daniel,* for Defendant in Error.

BUFORD, J.—Defendant in error, Harvey, was petitioner
in the court below in mandamus proceedings to compel plain-
tiff in error to pay to him the salary which he claimed due
him as Marshal of the City of Chipley, Florida.

The record shows that in June, 1930, the City Council appointed petitioner Marshal of the City for a term of one year, pursuant to Chapter 12592, Acts of 1927; that he qualified and entered upon the duties of the office and performed the same until January 1st, 1931, when the Mayor, newly elected and taking office, after notice to the Marshal requested the City Council to remove said Marshal and appoint another in his place. A majority of the City Council met and complied with the Mayor's request.

The record shows that the petitioner was unlawfully removed from his office, but that he surrendered the office at the time and made no offer to perform the duties of the office and made no demand for salary until after the term for which he was elected by the City Council had expired, to-wit: the 3rd day of July, 1931, when he filed his petition in mandamus. In the meantime the salary of $100.00 per month had been regularly paid to the *de facto* Marshal without objections from petitioner. Petitioner instituted no proceedings to test his title to the office. All of these facts were alleged in the answer filed by respondents, to which a demurrer was filed and overruled. Thereupon, the respondents declining to answer further, peremptory writ was issued to which writ of error was sued out.

It is well settled that mandamus will not lie unless the petitioner has a clear legal right to the performance of the particular duty sought to be coerced, nor will it lie where there are collateral questions requiring prior adjudication. Leatherman, Clerk v. Schwab, 98 Fla. 124 So. 459; Myers v. State ex rel. Thompson, 81 Fla. 32, 87 So. 80. In Gentry Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473, we said:

"Mandamus lies to seat a person entitled to public or corporate office but it is not appropriate where there is any question as to right to the office."

The demurrer to the answer should have been overruled; first, because the allegations of the answer showed abandonment of the office on the part of the petitioner; second, the answer showed payment by respondents of the salary to another party for the full period claimed by the petitioner and, third, the allegations showed that the right of petitioner to the office for the period for which the salary was claimed had not been established in a court of competent jurisdiction.

In Myers v. State ex rel. Thompson, *supra,* we said:

"As the legal right of the relator to the writ does not clearly appear on the face of the pleadings on which the writ was ordered and as questions involved should be adjudicated in other appropriate proceedings, the peremptory writ of mandamus should not have been issued, but the alternative writ should have been dismissed."

In Lee v. Mayor, etc., of Wilmington, 1st Marv. Del. 65, 40 Atl. 663, the court said:

"A former officer of a municial corporation, who has been dispossessed by a subsequent appointee cannot maintain assumpsit against it for salary during the time he is not the incumbent, until his right to the office has been adjudicated.

"The right of a claimant of a municipal office cannot be adjudicated in an action to recover salary for a period during which he is not in possession; that question can only be considered in a direct proceeding in which the people and the incumbent of the office are parties.

Where a former occupant of a municipal office is illegally ejected, and a successor placed in possession, who is recognized as such officer, performing the duties of the office, and drawing the salary without contest or resistance, he is the incumbent and officer *de facto."*

In Selby v. City of Portland, 14 Oregon 243, 58 Am.

307; 12 Pac. 377, the Supreme Court of Oregon in an opinion prepared by Mr. Justice THAYER dealt with the law applicable to this case and arrived at what appears to be the prevailing rule of law in such matters. There the writer said:

"It looks very much to me as though the public confidence was abused in the transaction, and that the appellant and his assignors were shamefully trifled with; but it occurs to my mind that they neglected to take proper steps in the matter, and have lost the remedy they could have invoked successfully. They might have commenced an action in the nature of a *quo warranto* against the persons designated to succeed them, and been reinstated in their positions, or, probably they might have sued out a writ of review, obtained a reversal of the action of the mayor and common council in the affair, and been restored to their positions in that way. And it was held by the Court of Appeals of New York in Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, S. C. N. E. Rep. 787, where a policeman of that city had been duly appointed to the office, and entered upon the performance of his duties, was attempted to be removed by the police commissioners, and upon *certiorari* the order of removal was reversed, and he was restored to his office, that he could recover against the city his salary which accrued between the time of the order of removal and the restoration, and without any abatement on account of earnings realized from his former trade, resumed during the interim. Under that decision these parties could possibly have recovered their salaries after a successful prosecution of a writ of review. I cannot, however, believe that they can maintain an action therefor while other parties occupy their places, have qualified as policemen, and are recognized by the city government as such. It seems very evident to me that their right

to the office would have to be judicially determined in a proper proceeding, before such an action could be sustained.

"The appellants' counsel have cited a number of authorities to show that an action of the character of the one in question, can be maintained; but not one of them, as I can discover, was in a case where the plaintiff had been put out of office, and another person been formally installed, and in the discharge of the duties thereof, unless there had been an adjudication in a direct proceeding declaring him lawfully entitled to it, and the incumbent a usurper.

"The appellants' counsel claim that the salary is attached to the office, which is true. It is an incident to the office, and does not depend upon contract. It is fixed by law. But it does not follow that the title to the office can be tried in a collateral action. Dillon, in his work on Municipal Corporations (3rd Ed.), says in Section 831: 'Thus the salary or fees of an officer of a municipal or public corporation may, like other debts, be recovered by an action at law against the corporation. This, ordinarily, is the remedy, and not mandamus; but if the officer cannot sue the corporation, he may, where entitled, compel payment by means of this writ, unless another is in possession under color of right; in which case the title to the office cannot, ordinarily, be determined on *mandamus,* or in any collateral proceeding.'

"It may be said that the action of the mayor and common council in the premises was a flagrant violation of the law, and of the rights of these officials; but, nevertheless, other persons were nominated in their places, confirmed by the common council, took the oath, were regularly inducted into their places and became officers *de facto* in their stead. The title to the office necessarily had to be tried as preliminary to the right of action which could have been brought in the lowest court of the State having civil jurisdiction.

The parties ousted could, as their salaries accrued, monthly, have sued therefor in justice's court whose jurisdiction to try the title to the office would have to be conceded, the same as that of the circuit court, under the same form of action, not only in cases where the question as to the title to the office is a simple one, but where it is complicated and doubtful. Courts will not entertain a case in favor of a party to recover for the use and occupation of real property against one who is in possession thereof adversely, but remit such party to his remedy by ejectment; and, I think, there would be less reason for entertaining a case of the character of the one in question than in that referred to. To allow an officer in such a case to remain wholly passive for a term of years, and then bring action, and recover the amount of his salary, which had been all the time accumulating, without attempting to dispossess the incumbent, would result in a pernicious practice, and tend to overturn a well established rule of law, regarding the trial of the right to an office. No precedent for such a course has been furnished. It has long been a mooted question whether the payment of a salary, or fees and emoluments, of an office, to a *de facto* incumbent, would exonerate the government or political body from the payment thereof to the *de jure* officer. Numerous authorities have been cited upon both sides of that question, though it is not before the court, as the case stands. Those cited by the respondent's counsel go, in the main, to show that it will not. They maintain that the compensation is attached to the office, and carry it out to its logical sequence by holding that the salary must be paid to the *de jure* officer, while the ones which maintain the contrary doctrine generally concede that the salary is attached to the office,—yet hold that the disbursing officer is not compelled to look beyond the certificate of election or appointment of the person who is in the discharge of the duties,

and that payment to such person discharges the obligation of the political body in regard to the matter; but neither class of cases sanctions the right of the *de jure* officer to recover the salary, while out of possession of the office, until he obtain a determination of a competent tribunal in favor of his title in a direct proceeding instituted for that purpose."

In support of this the writer cites Dorsey v. Smyth, 28 Cal. 21; Douglas v. State, 31 Ind. 429; City of Philadelphia v. Rink, 2 Atl. 505; Carroll v. Leibenthaler, 37 Cal. 193; Mayor, etc., of Memphis, v. Woodward, 12 Heisk 499, and authorities from several other jurisdictions, and in conclusion the writer says:

"None of the cases referred to indicate that an action to recover the salary of an officer could be maintained while occupied by a *de facto* officer, until the right to the office has been determined by a proper adjudication. Such a determination could not properly be had in this case, as it would determine the rights of parties not before the court. It would be a determination that the incumbents who succeeded the appellant and his assignors were intruders and usurpers when they are not before the court. Upon this ground the appellant was not entitled to recover, and the Circuit Court should have dismissed the complaint, instead of trying the case upon the merits."

In John B. Hittell v. City of Chicago, 327 Ill. 443, 158 N. E. 683, 55 A. L. R. 994, it is said:

"It is the contention of plaintiff that the payment of salary to the *de facto* employee, in order that it shall constitute a defense against a suit brought by the *de jure* employee, must be shown to have been made in good faith, and that the payment of the defendant of the salary appropriated for chief street engineer of the board of local improvements

during the period in question was not made by the defendant in good faith, Bullis v. Chicago, 235 Ill. 472, 85 N. E. 614; People ex rel. Dinnen v. Bradford, 267 Ill. 486, 108 N. E. 732; People ex rel. Blackley v. Coffin, 279 Ill. 401, 117 N. E. 85; People ex rel. Sartison v. Schmidt, 281 Ill. 211, L. R. A. 1918C 370, 117 N. E. 1037; and People ex rel. McDonnell v. Thompson, 316 Ill. 11, 146 N. E. 473, are cited in support of such contention. We have carefully examined each of these cases and many others, and while in some cases we find a statement to the effect that if the salary or compensation has been paid in good faith to a *de facto* employee during the time the position was in his possession such payment is a good defense on behalf of the municipality to a suit brought by the *de jure* employee to recover the same, in no case where the question was involved do we find that it has been held by this court that proof of the good faith of the payment to the *de facto* employee was a requisite element of such defense prior to a judicial determination as to which was the *de jure* employee. In Bullis v. Chicago, *supra,* it was said: 'If appellee was wrongfully prevented from performing the duties of his office he may recover his salary for the time during which he was so prevented, where it has not been paid to anyone performing the duties of the office."

In support of the conclusion reached the writer cites People ex rel. Sartison v. Schmidt, 281 Ill. 211, 117 N. E. 1037, and Durante v. Burdett, 183 Ill. 124, 118 N. E. 1009, and also the following authorities: Saline County v. Anderson, 20 Kan. 298, 27 Am. Rep. 171; Samuels v. Harrington, 43 Wash. 603, 117 Am. St. Rep. 1075, 86 Pac. 1071; El Paso County v. Rohde, 41 Colo. 258, 16 L. R. A. (N. S. 794), 124 Am. St. Rep. 134, 95 Pac. 551; Coughlin v. McElroy, 74 Conn. 397, 92 Am. St. Rep. 224, 50 Atl. 1025; Chandler v. Hughes County, 9 S. D. 24, 67 N. W. 946; Terre Haute

v. Burns, 69 Ind. App. 7, 116 N. E. 604; Brown v. Tampa County, 122 Iowa 745, 101 Am. St. Rep. 296, 98 N. W. 562; Nall v. Coulter, 117 Ky. 747, 78 S. W. 1110, 4 Ann. Cas. 671; State ex rel. Greeley County v. Milne, 26 Neb. 301, 19 L. R. A. 689, 38 Am. St. Rep. 724, 54 N. W. 521; Stemmer v. New York, 179 N. Y. 473, 72 N. E. 581; State ex rel. McDonald v. Newark, 58 N. J. L. 12, 32 Atl. 384, 22 R. C. L. 543."

Then the author says:

"The exigencies of society require efficient performance of official duties and to secure such performance prompt payment therefor is an essential requisite, disbursing officers of municipalities are not clothed with judicial power to determine whether or not a person vested with the indicia of an office and performing the duties of such office is, in fact, a *de jure* officer where there has been no judicial determination of such fact. To require the public authorities to withhold the pay of an incumbent or public officer until a judicial decision, or pay the same at the peril of having to pay the same a second time, would be a source of much embarrassment and greatly tend to impair the efficiency of the public service. In the instant case, during all the time for which the compensation in question is claimed a person other than plaintiff was the *de facto* chief street engineer for defendant (People ex rel. Sartison v. Schmidt, *supra*) and received the compensation for his services. Plaintiff had not at that time been adjudicated the *de jure* chief street engineer. Payment to such *de facto* employee was a good defense to this suit, and the Circuit and Appellate Courts erred in holding otherwise."

In 55 A. L. R. 997 there is found an exhaustive annotation dealing with the subject here under consideration. The authorities do not appear to be in accord as to whether or not a *de jure* officer may recover from a municipality his

salary for the period during which the office is occupied by a *de facto* officer when the salary of such office has been paid to such *de facto* officer. The majority rule appears to be that he cannot recover but we find the rule practically unanimously adhered to that he cannot recover, under such circumstances, until his right to the office has been judicially determined. He must first establish his title to the office before proceeding by mandamus or by assumpsit to enforce the payment of the salary. Numerous authorities supporting this conclusion are to be found in annotation in 55 A. L. R. above referred to.

For the reasons stated, the judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, and BROWN, J. J., concur.