HAWKINS v. VOISINE.

1. QUO WARRANTO—AMENDMENT OF ANSWER—DISCRETION OF COURT.
    Denial of leave to amend answer, in *quo warranto* proceedings to try title to office of village president, at time of trial nearly a year after commencement of proceedings *held,* not an abuse of discretion where there had been an understanding before the pretrial court there would be no further amendments.

2. APPEAL AND ERROR—ELECTIONS.
    On appeal from trial court's judgment in election contest, where question arises as to whether a mutilation or a mark has been made for the purpose of distinguishing the ballot or whether it was in the nature of an erasure or correction honestly attempted by the elector, Supreme Court follows trial court's determination unless it clearly appears erroneous.

3. ELECTIONS—SMUDGED LINE ON BALLOT.

Ballot, containing line before name of a candidate for office other than one contested, *held*, properly counted where such line was smudged but not erased and there was nothing to indicate the voter had placed any mark thereon for purpose of distinguishing the ballot.

4. SAME—BLUE ARROW IN MARGIN.

Arrow, made with blue pencil, in left margin of ballot and pointing to name of candidate for office other than one involved in election contest *held*, a distinguishing mark and properly rejected.

5. SAME—INSPECTOR'S INITIALS.

Ballots which did not bear initials of any election inspector and did not disclose any evidence of ever having been initialed or the initials having been torn off in whole or in part *held*, properly rejected.

6. SAME—BLUE LINE BENEATH CANDIDATE'S NAME IN ADDITION TO CROSS IN SQUARE.

Straight line in blue beneath name of contestant for office in addition to cross in square before his name *held*, not such a distinguishing mark as to require rejection of ballot.

7. SAME—ERASURE NEAR CROSS FOR CANDIDATE FOR OTHER OFFICE.

Mark in nature of erasure on right-hand side of cross in square before name of candidate for office other than one involved in election contest *held*, not a distinguishing mark requiring rejection of ballot.

8. SAME—TWO DISTINGUISHING MARKS.

Two marks not in the nature of a cross, nor an attempt to make a cross, which ran way across the square on a line three-fourths of an inch long *held*, distinguishing marks requiring rejection of ballot.

9. SAME—BALLOT MARKED FOR BOTH OPPOSING CANDIDATES.

Ballot voted for both candidates for office to which but one was to be elected *held*, properly rejected, notwithstanding that by use of heavy magnifying glass it is claimed plaintiff's name was erased.

10. SAME—CROSS IN SQUARE AT TOP OF BALLOT IN INSTRUCTIONS.

Cross in square at top of ballot in the instructions *held*, not a distinguishing mark and ballot properly counted.

11. SAME—MARK CONNECTING TWO CROSSES.
Mark through cross extending into blank space and into another cross *held*, not a distinguishing mark requiring rejection of ballot.

12. SAME—CROSSES IN SQUARES IN FRONT OF BLANK SPACES.
Two crosses in squares in front of blank spaces *held*, not distinguishing marks requiring rejection of ballots.

13. SAME—CROSSES—CHECKS.
Ballot in which voter used cross in front of name of plaintiff involved in election contest and checks in front of names of other candidates *held*, properly counted for plaintiff.

14. QUO WARRANTO—REJECTION OF BALLOT BY ADMISSIONS IN PLEADINGS.
Rejection of ballot which had been voted for plaintiff *held*, proper where his information in *quo warranto* proceedings had stated such ballot should not have been counted for him.

15. SAME—COSTS—ELECTION CONTEST—TIE VOTE.
No costs are allowed on affirmance of trial court's finding in *quo warranto* proceedings that vote cast for village president was a tie.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 14, 1938. (Docket No. 50, Calendar No. 39,653.) Decided April 4, 1938. Rehearing denied June 14, 1938.

Information in the nature of *quo warranto* by W. Newton Hawkins against William W. Voisine to determine the title to the office of president of the village of Ecorse, Wayne county. From order determining election to have been a tie, defendant appeals. Plaintiff cross-appeals. Affirmed.

*W. Newton Hawkins, in pro. per.*

*Edward N. Barnard,* for defendant.

Chandler, J. This suit was instituted by plaintiff by information in the nature of *quo warranto* and involves the determination of the question as to who was elected president of the village of Ecorse in Wayne county at the annual village election held therein on March 9, 1936, to which information the defendant answered, and plaintiff filed his reply to such answer. By the pleadings the issue presented squarely involves the validity of 14 disputed ballots, which it is claimed, by one or the other of the litigants, were wrongfully counted by the board of canvassers. of the election, and by the recount board. Upon a recount by the board of canvassers on petition of plaintiff, said board returned that plaintiff had received 1732 votes and the defendant 1742 votes. At the time of said recount all disputed ballots were marked exhibits by a stenographer employed by the board of canvassers, were separately labeled and sealed by said board, and placed in the custody of its clerk. The plaintiff, feeling himself aggrieved by the action of the board, instituted these proceedings.

The trial judge, after a full hearing of the issues involved and who had the benefit of a personal inspection of all of the disputed ballots, entered the following order:

"This cause having come on to be heard upon the information in the nature of *quo warranto,* answer and reply filed herein, and the parties and their counsel having appeared, and the court, having heard the testimony and considered the exhibits adduced at the trial, and having recounted the 14 disputed ballots alleged by the pleadings to have been wrongfully counted by the board of canvassers at the recount, does find: that the plaintiff and the defendant received an equal number of the votes cast for the office of president of the village of Ecorse, Wayne county,

Michigan, at the village election held March 9, 1936, to-wit: 1738 (1737?) votes each; and that by reason of said tie vote, the determination of the successful candidate for said office shall be made by lot, as in the statutes in such case made and provided.

"It is therefore ordered that the determination between the parties to this cause as to the successful candidate for the office of president, of the village of Ecorse, Wayne county, Michigan, for the two-year term commencing with the election held March 9, 1936, be made by lot, conducted by the board of canvassers of the village of Ecorse, as in the statutes in such case made and provided."

Defendant appeals to this court and the plaintiff files a cross-appeal, both assigning error for the failure of the trial court to count the disputed ballots in accordance with counsels' respective views as to for whom such ballots should have been counted.

Counsel for defendant at the time of the trial, nearly a year after these proceedings had been instituted, moved to amend his answer, which motion was denied by the court who said: "There was an understanding before the pretrial court there would be no further amendments and that is the theory upon which this proceeding has been conducted, and there will be no amendments one way or the other." It was within the discretion of the trial court as to whether he should permit the proposed amendment, and we find that there was no abuse of discretion in denying defendant leave to amend his answer.

We are in accord with the views of the trial judge that the pleadings fairly presented the question as to how the 14 disputed ballots should be counted, and will proceed to review the evidence presented to him to determine the correctness of his decision.

The question involved as to the legality of most of the disputed ballots was as to whether such ballots contained a distinguishing mark. The trial court had the opportunity of examining the original exhibits and was in a much more advantageous position than is this court to determine whether it was clearly evident from an examination of the ballots that any of them had been mutilated for the purpose of distinguishing them, whether there had been placed thereon a mark or marks for the purpose of distinguishing them, or whether any mark or marks were erasures or corrections made by the elector in the manner frequently used for the purpose of erasures or corrections. Therefore, where the question arises as to whether a mutilation or a mark has been made for the purpose of distinguishing the ballot or whether it was in the nature of an erasure or correction honestly attempted by the elector, we shall be inclined to follow the trial court's determination unless it quite clearly appears that it was in error.

Exhibit four had in the square before the name of a candidate for an office other than president, a line which had been smudged but not erased. This ballot had originally been voted for plaintiff, but on the recount had been rejected. It was counted by the court for plaintiff, with a finding that there was nothing on the ballot to indicate that the voter had placed any mark thereon for the purpose of distinguishing the same.

Exhibit nine had been voted for defendant and counted by the recount board for him. This ballot bore a mark in the form of an arrow made with blue pencil in the left margin pointing to a cross in the square before the name of the candidate for treasurer. The court held that this was a distinguishing mark and the ballot was rejected.

Exhibit 10 was voted for defendant, counted by the recount board for him, but was rejected as invalid by the trial court because it did not bear the initials of any election inspector, and did not disclose any evidence of ever having been initialed or the initials having been torn off in whole or in part.

Exhibit 11 was voted for defendant and counted for him by the recount board and the trial court. This ballot had a straight line in blue under the name of the defendant in addition to the cross in the square before his name. The court held that this was not a distinguishing mark.

Exhibit 13 is a ballot that was voted for plaintiff, and rejected by the recount board on the claim that a certain mark thereon in the nature of an erasure on the right-hand side of the cross in the square before the name of a candidate for trustee was a distinguishing mark. The trial court counted this vote for plaintiff, finding that such mark was not distinguishing.

Exhibits 23 and 24 were voted for defendant, counted by the recount board for him, but were rejected by the trial court because there did not appear on said ballots the initials of an inspector of the board of election, or any evidence that any initials ever appeared thereon and were torn off.

Exhibit 27 was originally voted for plaintiff, rejected by the recount board, and also rejected by the trial court for the reason that two marks not in the nature of a cross, nor an attempt to make a cross, ran way across the square on a line three fourths of an inch long. The trial court's view of these marks upon this ballot convinced him that they were not corrections or erasures but were distinguishing marks.

Exhibit 47 was voted for defendant and also apparently voted for plaintiff. It was counted by the recount board for defendant, but was rejected by the trial court because there was a cross in the square before the names of both defendant and plaintiff. Defendant claimed that by the use of a heavy magnifying glass there could be seen distinct erasure of plaintiff's name. The court held that anyone examining ballots would say that the voter voted for both candidates and for that reason rejected it.

Exhibit 59, voted for defendant, was counted by the recount board for him, and objected to by plaintiff because there was a cross in the square at the top of the ballot appearing in the instructions, but the trial court held that this was not a distinguishing mark and also counted it for defendant.

Exhibit 62 was voted for plaintiff, not counted by the recount board, but was counted by the trial court for plaintiff, the objection being that there was a mark through the cross extending into the blank space and into another cross.

Exhibit 63 was voted for plaintiff, not counted by the recount board and objected to by defendant for the reason that there were two crosses in squares in front of blank spaces. The trial court held that they were not distinguishing marks and counted the ballot for plaintiff.

Exhibit 73 was voted for plaintiff, not counted by the recount board, but counted for plaintiff by the court. Defendant objected that the ballot bore a distinguishing mark because of two crosses which appeared before two blank lines as in exhibit 63. The trial court held that these were not distinguishing marks.

Exhibit 76 was voted for plaintiff, rejected by the recount board, and objected to by defendant for the

reason that the voter used a cross before the name of plaintiff and made check marks in the squares before the names of the other candidates. The court counted this exhibit for plaintiff.

Another ballot mentioned but not made an issue by the pleadings, in addition to the 14 hereinbefore described, had been voted for plaintiff and counted by the recount board for him. However, the plaintiff in his information makes this statement, "That exhibit 90 voted for plaintiff and counted by the board should not have been counted for the plaintiff." So the trial court correctly ruled that in view of the pleadings, exhibit 90, which had been treated as a vote for plaintiff, should be rejected.

We find that the trial court was not in error in limiting the scope of this controversy to the original pleadings, and that he applied in the recount of these 14 ballots a correct interpretation of the statutes governing elections.

The findings and order of the trial court is affirmed. No costs will be allowed.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.