STATE *ex rel.* GEORGE PALMER GARRETT, as Administrator *cum testamento annexo de bonis non* of the Estate of P. A. VANS AGNEW, SR., Deceased, v. H. C. MORGAN, as Tax Collector, Brevard County.

191 So. 689

Division A

Opinion Filed October 20, 1939

Rehearing Denied November 10, 1939

*George P. Garrett,* for Relator;

*John D. Shepard,* for Respondent.

THOMAS, J.—In this case is involved one phase of the litigation fully described in our opinion in Cocoa-Rockledge Drainage District v. George Palmer Garrett, as Administrator, decided this term, page 359 of this Report.

The alternative writ in the instant case commanded respondent "to demand and collect said drainage tax at the same time you demand and collect the current State and county taxes due on the same land and *not* to issue any

receipt in reference to any such tract for payment of any State and county taxes unless and until the said drainage tax on said tract has been paid." (Emphasis ours.)

Thus is presented the question whether, under Section 1469 C. G. L. 1927, the tax collector can be coerced to collect taxes of a drainage district simultaneously with the collection of State and county taxes and to refuse to issue receipts for the one without the payment also of the other.

It is a well established principle of the law governing mandamus that no writ will be issued in the absence of a clear legal right on the part of relator (Ball v. State *ex rel.* Harvey, 108 Fla. 163, 146 South. Rep. 830), and then only to require the performance by an officer of his duty (State *ex rel.* Gillespie v. Vickers, 110 Fla. 157, 148 South. Rep. 526).

It is true that in the abstract sense the duty is placed on the tax collector to collect taxes, but in practice he is charged with receiving monies tendered him by the taxpayers and with selling, in the manner outlined by law, property upon which the taxes have not been paid. Is there then a clear right on the part of relator to an order of the court commanding this officer to actually collect the amount of a levy made to pay the judgment which he holds? Evidently this was attempted by the injunctive feature of the writ preventing the execution by him of any receipt for State and county taxes unless the drainage tax was paid too.

To support the relator in this position would, we think, require a rather loose construction of the rules governing mandamus and would require a rather strained definition of the word "collect." That it is the duty of the tax collector to receive amounts offered in payment of taxes cannot be gainsaid, nor can it be doubted that he is under an obligation

to follow the course prescribed by law in the sale of land for delinquent taxes, but neither duty can be construed as one to pursue the taxpayer and wring from him cash to cover his contribution to the upkeep of the government.

It cannot be argued with any degree of success that there is a clear duty on his part, when a property owner offers to pay his State and county taxes, to procure from him then and there the amount shown to be payable for a tax levied by a drainage district. Bearing in mind the rules governing mandamus and the language of the writ in the instant case, this is a liberal construction to which we cannot subscribe.

An officer may not be coerced to enforce the payment of drainage tax by enjoining him from receiving monies tendered to pay the State and county's burden. It is not difficult to see how such a writ would defeat its own purpose and also interfere with general county finance. If the prospective taxpayer offered to discharge his debt for the State and county taxes and the collecting officer were to refuse them, the result conceivably would be the non-payment of both and the writ would have been of no benefit to the relator, and the general result would be the non-payment of the amount due the State and county.

The attempt to enforce the collection of one levy by enjoining the receipt of the other does not conform to our idea of the clear legal right which is indispensable to enable one to a remedy in mandamus.

The motion to quash the alternative writ should be, and it is, granted.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.