HAWKINS *v.* VOISINE.

1. OFFICERS—SALARY—PERSONAL SERVICE.
   An official salary is not made dependent upon the amount of work done, but belongs to the office itself without regard to the personal service of the officer.

2. SAME—ELECTION—EXPIRATION OF TERM OF OFFICE.
   The fact that a candidate for an office was not declared elected until after the term of office expired does not extinguish his right of salary attached to the office (3 Comp. Laws 1929, § 15278).

3. QUO WARRANTO—EXPIRATION OF TERM OF OFFICE—DAMAGES.
   An information in the nature of *quo warranto* to try the right to a public office will not be dismissed on the ground that the term of office has expired after the information was filed, since the ouster of the incumbent is not the sole object of the proceeding, as recovery of damages may also be included (3 Comp. Laws 1929, § 15278).

4. OFFICERS—SALARY—DECLARATION OF ELECTION—TERM OF OFFICE.
   The salary for the entire term belongs to the one who is declared elected, whether such election of the candidate is ascertained before or after the term expires, and whether the occupant's continuance therein was merely a holding over or not (3 Comp. Laws 1929, § 15278).

5. QUO WARRANTO—VILLAGE PRESIDENCY—SALARY—USURPATION.
   Defendant in *quo warranto* proceedings to try title to office of village president who held over for entire term during that for which plaintiff was finally declared elected after expiration of such term is *held,* within meaning of statute relative to damages in such cases, to have usurped the salary to which only the winner of the election was entitled and for which plaintiff winner has a valid claim (3 Comp. Laws 1929, § 15278).

6. OFFICERS—SALARY—DEFINITION OF EVICTION.
   While the term "evicted" properly applies only to realty and describes inability to get promised possession thereof, as used in statute relative to damages because of a defendant's usurpation of a public office, it means a deprivation by one of the office, or of the salary attached thereto, to which another is, or may be, entitled (3 Comp. Laws 1929, § 15278).

NORTH, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 4, 1940. (Docket No. 66, Calendar No. 40,934.) Decided March 15, 1940.

Information in the nature of *quo warranto* by W. Newton Hawkins against William W. Voisine to determine the title to the office of president of the village of Ecorse, Wayne County. On suggestion of damages filed by W. Newton Hawkins in accordance with 3 Comp. Laws 1929, § 15278. Judgment for plaintiff. Defendant appeals. Affirmed.

*W. Newton Hawkins* (*James R. Adam*, of counsel), for plaintiff.

*Edward N. Barnard*, for defendant.

MCALLISTER, J. Plaintiff and defendant were candidates for the office of village president at the election held in the village of Ecorse on March 9, 1936. Defendant Voisine was a candidate to succeed himself. According to the return of the election inspectors, Voisine received a majority of one vote and was, therefore, declared elected. Plaintiff Hawkins demanded a recount which was accordingly held by the board of canvassers, resulting in a majority of 10 votes for defendant Voisine. Thereafter, on April 25, 1936, plaintiff instituted proceedings in the nature of *quo warranto* to try title to the office,

and on March 17, 1937, the circuit court found that the election had resulted in a tie between plaintiff and defendant. The court ordered that the result be determined by the canvassers by drawing lots under provisions of 1 Comp. Laws 1929, § 3192 (Stat. Ann. § 6.481). The judgment of the circuit court was appealed to the Supreme Court by defendant Voisine, and the judgment of the trial court was affirmed. (*Hawkins* v. *Voisine*, 284 Mich. 181.) On May 3, 1938, at the drawing of lots plaintiff Hawkins won. The term of office had expired in the meantime— Voisine having held the same throughout and discharged the duties thereof. Plaintiff then filed suggestion of damages, pursuant to 3 Comp. Laws 1929, § 15278 (Stat. Ann. § 27.2322), asking for the salary for the full term of the office. On trial in the circuit court, judgment was entered in favor of plaintiff, and defendant appeals.

An official salary is not made dependent upon the amount of work done, but belongs to the office itself without regard to the personal service of the officer. *People, ex rel. Benoit,* v. *Miller,* 24 Mich. 458 (9 Am. Rep. 131). The fact that plaintiff Hawkins was not declared elected until after the term of office expired does not extinguish his right of salary attached to the office. An information to try the right to a public office will not be dismissed on the ground that the office has expired since the information was filed. To oust the incumbent is not the sole object of the proceeding, but may include the recovery of damages. *People, ex rel. Speed,* v. *Hartwell,* 12 Mich. 508 (86 Am. Dec. 70). The salary for the entire term belongs to the one who is declared elected, whether such election of the candidate is ascertained before or after the term expires.

The statute with reference to the suggestion of damages, 3 Comp. Laws 1929, § 15278 (Stat. Ann.

§ 27.2322), upon a judgment on an information to try title to public office is as follows:

"If judgment be rendered upon the right of the person so averred to be entitled, in favor of such person, he may, at any time within one year after the rendering of such judgment, make and file a suggestion, that he has sustained damages to a certain amount, by reason of the usurpation by the defendant, of the office from which such defendant has been evicted, and praying judgment therefor."

While it is true that plaintiff Hawkins was not entitled to hold office until after the drawing of lots, nevertheless, because he was thereafter found to be elected by virtue of the proceedings, he is entitled to the salary attached to the office, whether defendant's continuance therein was merely a holding over or not. The election was for a certain term, and whoever was finally declared elected was entitled to the salary for that entire term. We are of the opinion that the trial court gave a proper interpretation to the statute above quoted; and that defendant, in the sense of the statute, in this case, usurped the salary to which only the winner of the election was entitled and for which plaintiff has a valid claim.

With regard to the meaning of the term "evicted" as used in the statute, it is difficult to define eviction with technical accuracy, since it is used to denote that which it was formerly not intended to express. It properly applies only to realty and has been used to describe inability to get promised possession, 21 C. J. p. 1263; and, also, as deprivation of the possession of lands and tenements. 1 Bouvier's Law Dictionary (Rawles Rev.), p. 700. In the case before us, the term "evicted" is not used in its ordinary sense with regard to realty, but is applied to public office. In that sense, we are of the opinion that it

means a deprivation by one of the office, or of the salary attached thereto, to which another is, or may be, entitled.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, and CHANDLER, JJ., concurred with McALLISTER, J.

NORTH, J. (*dissenting*). The undisputed and controlling facts in this case are rather unusual and may be briefly stated as follows. At an election held in March, 1936, defendant was a candidate to succeed himself as president of the village of Ecorse. Plaintiff was the opposing candidate. A recount and litigation followed for the purpose of determining which of the two candidates received the greater number of votes. Finally and on April 4, 1938, by decision of this court (*Hawkins* v. *Voisine,* 284 Mich. 281), it was adjudicated that each had received the same number of votes. Thereafter, and on May 3, 1938, in accordance with the statutory provision (1 Comp. Laws 1929, § 1503 [Stat. Ann. § 5.1239]; and Act No. 134, Pub. Acts 1931 [Stat. Ann. § 6.482]), determination of which of the two candidates was elected was made by drawing lots. This resulted in plaintiff's election; but the term for which he was chosen as president of the village had already expired.

Under the statutes in this State one in the office of president of a village continues rightfully to hold and occupy the office until his successor is elected and has qualified. 1 Comp. Laws 1929, § 1482 (Stat. Ann. § 5.1218), and 1 Comp. Laws 1929, § 3280 (Stat. Ann. § 6.593). It seems too plain for argument that it was not finally determined which of these two litigants was "elected" president of the village until the drawing of lots on May 3, 1938. On that date the result might have been in favor of

either party. Therefore it must be held that prior to the drawing of lots defendant rightfully continued as his own successor in the office of village president. One who is rightfully in possession of a public office and discharges the duties thereof is entitled to the emoluments of the office, including the salary. *Comstock* v. *City of Grand Rapids,* 40 Mich. 397.

This is not a case wherein one of the parties has been *wrongfully* deprived by the other of occupying and enjoying the office. It was not until after the full term of the office had expired that it was finally settled by drawing lots plaintiff was the successful candidate. Surely prior to such determination plaintiff was not wrongfully deprived of the office by the defendant. It is in this particular that the instant case is to be distinguished from *People, ex rel. Benoit,* v. *Miller,* 24 Mich. 458 (9 Am. Rep. 131), wherein the one party was *wrongfully* deprived of the office by the other.

The judgment entered in the circuit court in favor of plaintiff should be reversed. Defendant should have costs of both courts.

WIEST and BUTZEL, JJ., concurred with NORTH, J.